**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000126
26-OCT-2012
10:27 AM**

NO. CAAP-11-0000126

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZACHARY K. MANIPON-SILVA, also known as Zachary Silva,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0764)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Zachary K. Manipon-Silva (Manipon-Silva) timely appeals from the final judgment and sentence, which was entered on January 31, 2011 in the Circuit Court of the First Circuit (circuit court),[1] convicting him of three counts of Sexual Assault in the First Degree in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (Supp. 2011)[2] and one count of Sexual Assault in the Third Degree in violation of HRS § 707-732(1)(b) (Supp. 2011).[3] Manipon-Silva challenges the final

---

[1] The Honorable Karen S.S. Ahn presided.

[2] HRS § 707-730(1)(b) states, "(1) A person commits the offense of sexual assault in the first degree if . . . (b) [t]he person knowingly engages in sexual penetration with another person who is less than fourteen years old."

[3] HRS § 707-732(1)(b) states, "(1) A person commits the offense of sexual assault in the third degree if . . . (b) [t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person."

judgment and sentence on the grounds that (1) the circuit court gave a confusing and erroneous limiting instruction to accompany a videotaped interview of the investigating detective questioning Manipon-Silva and (2) there is insufficient evidence to support his conviction because two pieces of physical evidence do not conclusively establish his guilt.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Manipon-Silva's points of error as follows:

(1) Manipon-Silva must overcome the presumption that the unobjected-to jury instruction was correct.[4] Nichols, 111 Hawai'i at 337 n.6, 141 P.3d at 984 n.6. To this, Manipon-Silva argues that the circuit court's limiting instruction to the State's Exhibits 22 (the videotaped interview) and 23 (a transcript of the interview) was confusing and erroneous because of an alleged logical inconsistency.

Manipon-Silva observes that the exhibits included statements by the detective that were his personal opinion as well as recitations of statements made by other witnesses. Manipon-Silva contends that the statements of the detective were not evidence and the jury should have clearly been instructed as such. Manipon-Silva further argues that the limiting instruction was confusing because the jury is told that the "recording is evidence" but is also instructed that the detective's personal opinions and his recitations of the other witnesses' statements cannot be used to prove the truth of the matters asserted.

---

[4] "[A]n appellate court will reverse for plain error in jury instructions where the error cannot be said to be harmless beyond a reasonable doubt (i.e., considering the record as a whole, there is a reasonable possibility that the error contributed to the defendant's conviction)." State v. Nichols, 111 Hawai'i 327, 329, 141 P.3d 974, 976 (2006). In making this determination, the "error is not to be viewed in isolation and considered purely in the abstract" but "must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled." Id. at 334, 141 P.3d at 981.

In its context, the circuit court's statement was not confusing. The circuit court's statement that the "recording itself is the evidence in the case" was sandwiched by the circuit court's repeated admonition that the transcript of the recording was not evidence. Given this juxtaposition, it is clear that the focus of the circuit court's initial statement was the transcript and that the circuit court's statement was designed to convey that the transcript of the recording was not to be relied upon by the jurors as evidence.

Moreover, the recording itself was evidence -- just evidence providing context to Manipon-Silva's out-of-court statements -- and the challenged instruction clearly explained this limitation. Both before and after the record was played, the circuit court explained to the jury that the detective's statements -- including his opinions and his recitations of the statements of others -- were only to be taken as providing context necessary for the jury to assess the credibility of Manipon-Silva's out-of-court statements. Courts in other jurisdictions have widely acknowledged this use of statements made by a third party in a taped interview, see Washington v. Demery, 30 P.3d 1278, 1283 n.5 (Wash. 2001) (collecting cases), and Manipon-Silva provides no legal authority to the contrary.

Manipon-Silva urges a mechanical analysis that juxtaposes certain statements against each other but ignores both the context of the cherry-picked statements and common constructions of language that support the conclusion that the instruction was not confusing. Even if this court was willing to entertain Manipon-Silva's argument that there were logical inconsistencies within the circuit court's limiting instruction, the purported inconsistencies were not substantively erroneous because the "record itself" was evidence and the various uses of its components were stressed to the jury.

(2) Manipon-Silva asserts that there was insufficient evidence to sustain his convictions but he never specifies which

3

elements were not established.[5]  Instead, Manipon-Silva states that the physical evidence -- specifically, the presence of his semen on the minor complainant's underwear and the lack of injury to the minor complainant's genitalia -- does not conclusively demonstrate his guilt.  In his reply brief, Manipon-Silva argues that the minor complainant's testimony was insufficient to support his conviction but, once more, does not identify any specific elements that were not established by the testimony, if it were credited.  In effect, Manipon-Silva appears to be arguing several interrelated points:  (1) the physical evidence does not prove his guilt; (2) the physical evidence establishes his innocence, and; (3) the physical evidence renders the minor complainant's testimony incredible.

The relevance of Manipon-Silva's argument that the physical evidence does not prove his guilt is unclear. Controlling precedent establishes that the testimony of a single witness may constitute sufficient evidence to support a conviction.  Eastman, 81 Hawai'i at 141, 913 P.2d at 67.  Here, the minor complainant testified and Manipon-Silva does not argue that this testimony, if credited, is insufficient to support his convictions.  Accordingly, the physical evidence is merely corroborative and its presence, vel non, does not undercut the conclusion that the State's other evidence -- particularly the testimony of the minor complainant -- is sufficient to support Manipon-Silva's convictions.

Turning to the specific physical evidence at issue, Manipon-Silva asserts that a person of reasonable caution could

---

[5]    The sufficiency of the evidence is reviewed in the light most favorable to the prosecution. State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981).  "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. at 33, 960 P.2d at 1241 (quoting State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996)).  The jury, not the appellate court, determines the credibility of witnesses and the weight of the evidence.  Tamura, 63 Haw. at 637-38, 633 P.2d at 1117.

not conclude that a sexual assault occurred where the presence of Manipon-Silva's semen on the minor complainant's underwear failed to conclusively establish a sexual encounter between Manipon-Silva and the minor complainant. He explains the presence of his semen on the minor complainant's underwear by asserting that he might have used the minor complainant's underwear for post-masturbation cleaning purposes. But Manipon-Silva does not explain why his non-culpable explanation affirmatively demonstrates his innocence when, at most, the explanation is merely consistent with his innocence - that is, as a matter of physical necessity, his explanation does not prove that the alleged incident did not occur.

Likewise, Manipon-Silva argues that a person of reasonable caution could not conclude that a sexual assault occurred where the doctor testified that the minor complainant did not exhibit the injuries typically present after a sexual assault. But Manipon-Silva acknowledges that the doctor opined that the absence of any injury could still be consistent with penetration. Thus, the fact that signs "often" (as opposed to "always") associated with sexual assault were not present does not prove that the alleged penetration and other conduct did not occur.

In considering whether sufficient evidence exists to support Manipon-Silva's convictions, the court reviews the evidence is viewed in the light most favorable to the prosecution. Tamura, 63 Haw. at 637, 633 P.2d at 1117. Here, the presence of Manipon-Silva's semen on the minor complainant's underwear can be viewed as supporting the State's contention that Manipon-Silva had a sexual encounter with the minor complainant during which the semen contaminated the underwear. Additionally, as noted by both parties, the doctor testified that the absence of physical injuries to the minor complainant's genitalia does not affirmatively demonstrate that the minor complainant was not sexually assaulted. Accordingly, both pieces of physical evidence are susceptible to a reasonable interpretation that does

not call into question the convictions.  It is only by viewing the physical evidence in the light most favorable to Manipon-Silva that the physical evidence can be interpreted as establishing that he did not assault the minor complainant.  Such an interpretation would turn the standard of review on its head.

Therefore,

IT IS HEREBY ORDERED that the January 31, 2011 Final Judgment and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, October 26, 2012.

On the briefs:

Karen T. Nakasone and
Summer K.K. Kupau,
Deputy Public Defenders
for Defendant-Appellant.

Presiding Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge